IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01838-BNB

KEISHA ROWE,

    Plaintiff,

v.

RENEE STARZEL, D.S.H.S.,
CHRISTINE L. BARON, D.S.H.S.,
KID'S HARBOR DAYCARE,
ANDREW CORDOVA, D.S.H.S.,
JULIE TERASAS, D.S.H.S.,
ASHLEY CHASE, and
FOSTER HOME CARETAKER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
             CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Keisha Rowe, has filed *pro se* a Complaint. The court must construe the Complaint liberally because Ms. Rowe is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Rowe will be ordered to file an amended complaint.

The court has reviewed the Complaint and has determined that the Complaint is deficient. First, Ms. Rowe fails to provide an address for each Defendant listed in the caption of the Complaint. More importantly, it is not clear what specific claims for relief Ms. Rowe is asserting in this action. As a result, the court finds that the Complaint does

not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Rowe fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Ms. Rowe complains that she lost temporary custody of her children because of allegedly false information provided to the courts by Defendant Renee Starzel. Ms. Rowe further complains that her children were neglected and two of her children were injured while they were in temporary state custody. However, she fails to provide specific factual allegations regarding what each Defendant did or failed

to do that violated her rights and she fails to specify when her rights allegedly were violated. Ms. Rowe also fails to identify the specific legal rights that Defendants allegedly violated with respect to each of her claims. Instead, she makes only a vague reference in the "Jurisdiction" section of the court's complaint form to "Civil Rights Violation/Constituti[on]al Rights Violation - Negligen[ce]." (Compl. at 2.)

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Ms. Rowe "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

For these reasons, Ms. Rowe will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 and in which she identifies the specific legal right that allegedly has been violated with respect to each asserted claim. Construing the Complaint liberally, the court assumes Ms. Rowe intends to assert one or more constitutional claims pursuant to 42 U.S.C. § 1983 in addition to the negligence claims she apparently is asserting in this action. To the extent she is asserting claims pursuant to § 1983, Ms. Rowe is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Mere negligence does not

rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 331-33 (1986). Accordingly, it is

ORDERED that Ms. Rowe file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Rowe, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Rowe fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED August 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01838-BNB

Keisha Rowe
1131 4th Ave.
Greeley, CO 80631

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 8/5/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk